UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| XIMENA MIRANDA, *on behalf of herself and those similarly situated*, | : | Case No. 1:20-cv-539 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| XAVIER UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING FINAL APPROVAL HEARING**

Before this Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") (Doc. 27). The Court has reviewed the Motion and Settlement Agreement between Plaintiff Ximena Miranda and Defendant Xavier University ("Xavier"). After reviewing Plaintiff's unopposed request for preliminary approval, this Court **GRANTS** the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate and preliminarily certifies the Class for settlement purposes.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed Notice Plan and forms of Notice to the Class, the appointment of Plaintiff Ximena Miranda as the Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the approval of Settlement Services, Inc ("SSI") as the Settlement Administrator, the cash payments provided under the terms of the Settlement and the proposed method of distributing the

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement. (Doc. 27-2).

1

Settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> Individuals identified on the Xavier Settlement Class List who were enrolled as a student in Xavier University's College of Nursing Accelerated Bachelor of Science in Nursing Program in any city in Ohio who paid tuition and fees to Xavier during the Spring 2020 and Summer 2020 semesters. Excluded from the Settlement Class are: (1) the judge and court personnel overseeing this Litigation; (2) the Defendant, its subsidiaries, successors, predecessors, and any entity in which the Defendant has a controlling interest and its current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion on or before the Opt-Out Deadline.

3. For purposes of settlement, based on the information provided: the Class is ascertainable; it consists of roughly 500 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to provide in-person clinical education during the Spring 2020 and Summer 2020 semesters; the proposed Class Representative's claims are typical in that she is a member of the Class and alleges she has been damaged by the same conduct as the other members of the Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation.

4. The Court appoints Plaintiff Ximena Miranda the Class Representative.

5. The Court appoints Terence R. Coates, Dylan J. Gould, Justin C. Walker and W.B. Markovits of Markovits, Stock & DeMarco, LLC and Joseph M. Lyon of The Lyon Firm, LLC, as Class Counsel.

6. The Court appoints Settlement Services, Inc. ("SSI") as the Settlement Administrator.

7. A Final Approval Hearing shall be held before the Court on October 3, 2023 at 11:00 a.m. Pursuant to consent of the parties, the Final Approval Hearing will be conducted virtually.

   a. Counsel of record and timely objectors ("Participants") will receive video conference instructions at least seven (7) days before the Final Hearing via email. Participants are required to submit their microphones when not speaking.

   b. Non-participants may join the hearing by calling: 1 (517) 317-3122; Access Code: 854-573-445. Non-participants are required to mute their telephones during all stages of the proceedings. Non-participants should call into the hearing shortly before 10:00 a.m., as the Court will lock the virtual hearing room once the Fairness Hearing is underway.

   c. The Court may, in its discretion, change the date and/or time of the Final Approval Hearing. The Settlement Administrator shall update the Settlement Website, as necessary, to ensure non-participants are provided with notice.

8. The Final Approval Hearing shall be conducting for the following purposes:

   a. To determine whether the proposed Settlement consisting of a $750,000 non-reversionary common fund is fair, reasonable, and adequate to the Class and should be

3

approved by the Court;

      b.      To determine whether to grant Final Approval, as defined in the Settlement Agreement;

      c.      To determine whether the Notice Plan conducted was appropriate;

      d.      To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

      e.      To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($250,000.00), litigation expenses up to $13,000.00 should be approved by the Court;

      f.      To determine whether the settlement benefits are fair, reasonable, and adequate; and,

      g.      To rule upon such other matters as the Court may deem appropriate.

9.      The Court approves, as to the form and content, the Notices (including the Short Notice). The parties shall amend the Notices to accurately reflect that the Final Approval Hearing will be conducted virtually. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the Notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such Notice Plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best Notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

10.      The Court preliminarily approves the following Settlement Timeline for the

purposes of conducting the Notice Plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Xavier provides the Settlement Class List to the Settlement Administrator | +7 days after Preliminary Approval |
| Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Date | +30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +15 days after Notice Date |
| Objection Deadline | +45 days after Notice Date |
| Opt-Out Deadline | +45 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties | +60 days after Notice Date |
| **Final Approval Hearing** | +100 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| | |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order |
| Payment of the Fee Award and Expenses, and Class Representative Service Award | +17 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

11.  Class Members will receive cash payments under the Settlement automatically and without submitting a claim for such Settlement relief, so long as they do not exclude themselves from the Settlement by timely submitting a request for exclusion by the Opt-Out Deadline. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

5

12. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 45 days after the Notice Deadline. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by this Agreement to SSI. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, SSI, or Class Counsel. Class Members who Opt-Out of the Settlement shall receive no benefit or compensation under the Settlement.

13. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 45 days of the Notice Date and include each and all of the following:

 (i) the name of the proceedings;

 (ii) the Class Member's full name, current mailing address, email address, and telephone number;

 (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection;

 (iv) the identity of any attorneys representing the objector;

 (v) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

 (vi) a statement identifying all class action settlements objected to by the Class Member in the previous 5 years; and,

 (vii) the signature of the Class Member or the Class Member's attorney.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to

any discovery related to the Objection. Any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

14. All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to the receipt of any payment under the Settlement, and shall not be bound by the Settlement Agreement or any Final Approval order as to Xavier in this Litigation.

15. Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Xavier.

16. The Court retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED.**

Date:   6/20/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge